UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLIFTON PHILLIPS,

      Petitioner,

- against -

ROY A. GIRDICH, Superintendent

      Respondent.

03 Civ. 3317 (SCR) (LMS)

**THIRD REPORT AND RECOMMENDATION**

TO: THE HONORABLE STEPHEN C. ROBINSON,
   UNITED STATES DISTRICT JUDGE

Before the Court is a document submitted by Petitioner Clifton Phillips (herein, "Petitioner") and accepted for filing by Your Honor on May 27, 2008. See Docket #28. Within this document Petitioner requests permission to file an amended petition for a writ of habeas corpus following the issuance of the undersigned's Second Report and Recommendation dated July 19, 2007, recommending that his claim of ineffective assistance of appellate counsel should be denied. See Docket #25, Second Report and Recommendation. Petitioner suggests that his newly amended petition for a writ of habeas corpus will omit the Fourth Amendment grounds he originally advanced and will only present the argument that this Court, along with the State courts, incorrectly reviewed and denied his claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel. See Docket #28, Amendment to Petition (herein, "Amendment") at p. 1. Petitioner argues that this Court improperly reviewed his claims for relief under the "unreasonable application" of clearly established federal law standard contained within 28 U.S.C. §2254(d)(1) rather than under the "contrary to" clearly established federal law standard contained within that same statutory provision. See Amendment at pp. 1-2; see also 28

1

U.S.C. §2254(d)(1) (articulating standards of federal habeas relief).

Although Petitioner has neither sought nor received permission to file an amended petition for a writ of habeas corpus, the undersigned has conducted a thorough review of the Petitioner's May 2008 correspondence submitted to Your Honor and concludes that the majority of the arguments contained therein are duplicative of the issues previously raised by the Petitioner and addressed by the undersigned in the previous Reports and Recommendations to Your Honor. For the following reasons the undersigned adheres to the previously filed recommendations and respectfully recommends that the Petitioner's latest submission is without merit and that his petition for a writ of habeas corpus should be dismissed.

## DISCUSSION

A.  Standard for Federal Habeas Corpus Relief

Section 2254(d)(1) of Title 28 of the United States Code contains the two substantive standards of review federal courts use when assessing a petitioner's claim of entitlement to habeas corpus relief. A petitioner is entitled to habeas relief when he or she can show that his or her state court criminal conviction is based upon a state court decision that is contrary to clearly established federal law or involves an unreasonable application of clearly established federal law. See 28 U.S.C. §2254(d)(1). These two standards provide separate potential avenues of relief and do not necessarily utilize the same analysis. See, e.g, Williams v. Taylor, 529 U.S. 362, 404-05 (2000) (majority opinion of O'Connor, J.); Henry v. Poole, 409 F.3d 48, 68 (2d Cir. 2005) ("The 'unreasonable application' standard is independent of the 'contrary to' standard; and it is less clearly defined."). These standards, however, share a significant degree of commonality as they both limit habeas relief only to the most meritorious claims of fundamental constitutional error arising during a state court criminal proceeding. See Williams, 529 U.S. at

412 ("§2254(d)(1) restricts the source of clearly established law to [the Supreme Court's] jurisprudence.").

Petitioner argues that the Court improperly considered his ineffective assistance of counsel and ineffective assistance of appellate counsel claims under the "unreasonable application" standard rather than the "contrary to" standard. "A state-court decision is contrary to clearly established federal law . . . if it is diametrically different from, opposite in character or nature to, or mutually opposed to the relevant Supreme Court precedent." Henry, 409 F.3d at 68 (quoting Williams, 529 U.S. at 405). Under this prong of §2254(d)(1), a petitioner may be entitled to relief if he or she can show that the state court "arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided a case differently than the Court has on a set of materially indistinguishable facts." Id. (quoting Williams, 529 U.S. at 413).

As alluded to by the Second Circuit in Henry, the "contrary to" test involves a narrow assessment of whether the state court identified the appropriate controlling authority and of whether the state court reached the appropriate result under that binding authority. See 409 F.3d at 68. The "unreasonable application" standard, which this Court utilized in reviewing Petitioner's claims, usually entails a more detailed assessment of not only whether the state court identified the proper authority, but also of whether the state court's decision was an unreasonable application of that authority under the facts of the petitioner's case. Id. As a general matter, the "contrary to" test is used when a petitioner argues that Supreme Court authority exists that addresses a situation sufficiently similar to his or her case in all material respects and dictates a result that is contrary to the result reached by the state court in his or her case. See Torres v. Berbary, 340 F.3d 63, 68 (2d Cir. 2003). Absent assertions by a petitioner that there exists

3

controlling Supreme Court authority directing a contrary result, a petitioner's claim will usually be assessed under the "unreasonable application" standard. See, e.g., Gersten v. Senkowski, 426 F.3d 588, 606-07 (2d Cir. 2005) (explaining that the "contrary to" test is used only when materially indistinguishable Supreme Court precedent is identified that directs a result other than the result reached by the state court upon review of the same facts).

B.  Petitioner's Renewed Arguments

Petitioner's attempt to garner support for his habeas corpus petition in the "contrary to" provision of §2254(d)(1) is without merit. Petitioner has been unable to identify controlling Supreme Court authority that militates a result different that the one reached by the state courts – or for that fact this Court – on his claims of ineffective assistance of counsel or appellate counsel. As explained by the undersigned in the prior reviews of Petitioner's claims, the state courts applied the appropriate controlling Supreme Court authority governing Sixth Amendment ineffective assistance of counsel claims and applied those precedents in an objectively reasonable manner without finding any indicia of the weighty degree of error needed to support a valid habeas corpus petition. See Henry, 409 F.3d at 68 (quoting Francis S. v. Stone, 221 F.3d 100, 109 (2d Cir. 2000) ("Some increment of incorrectness beyond error is required . . .")). These conclusions incorporate an implicit finding that the state courts' decisions are not contrary to clearly established federal law and nothing submitted by the Petitioner in his May 2008 correspondence to Your Honor leads me to conclude that there exists controlling Supreme Court authority that the state courts and this Court overlooked in reaching this result.

The field of Sixth Amendment jurisprudence is well developed and the mandatory constitutional standards articulated therein are well established canons of constitutional criminal procedure. See, e.g, Strickland v. Washington, 466 U.S. 668 (1984) (ineffective assistance of

4

counsel standard); Evitts v. Lucey, 469 U.S. 387 (1985) (extending Strickland to ineffective assistance of appellate counsel claims). Petitioner has failed to identify controlling Supreme Court authority that requires a result other than the one recommended by the undersigned on two previous occasions.

## CONCLUSION

For the reasons offered above, and for the reasons contained in the undersigned's First Report and Recommendation and Second Report and Recommendation, I conclude, and respectfully recommend that Your Honor should conclude, that the Petitioner's petition for a writ of habeas corpus should be dismissed.

As the Petitioner still has not made a substantial showing of the denial of any constitutional right, I conclude, and respectfully recommend that Your Honor should conclude, that a certificate of appealability should not issue in this case. See Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds, United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). I also conclude that the Court should certify pursuant to 28 U.S.C, §1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(e), or as total of thirteen (13) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file a written objections to this Second Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson, at the United States District Court, Southern District of New York, United

5

States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same courthouse.

Failure to file timely objections to this Third Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. Requests for extensions of time to file objections must be made to Judge Robinson.

Dated: May 30, 2008
   White Plains, New York

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Second Report and Recommendation has been sent to the following:

  The Honorable Stephen Robinson, U.S.D.J.
  Petitioner *pro se* and Counsel of Record for Respondent