**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CLIFTON PHILLIPS,**

**Petitioner,**

**v.**

**ROY A. GIRDICH, Superintendent,**

**Respondent.**

**03 Civ. 3317 (SCR)(LMS)**

**MEMORANDUM ORDER ADOPTING FIRST, SECOND AND THIRD REPORT AND RECOMMENDATION**

**STEPHEN C. ROBINSON, United States District Judge:**

In this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Petitioner Clifton Phillips ("Phillips" or "Petitioner"), challenges his conviction in the County Court for Orange County for criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and unlawful possession of marijuana. Petitioner was sentenced to twenty-three years to life imprisonment for criminal possession of a controlled substance in the first degree, and eight and one-third to twenty-five years imprisonment for criminal possession of a controlled substance in the third degree. Petitioner was fined $100.00 for unlawful possession of marijuana.

Petitioner seeks habeas relief on three grounds: (1) that the trial court's ruling denying Petitioner's motion to suppress physical evidence was erroneous,[1] (2) ineffective assistance of trial counsel, and (3) ineffective assistance of appellate counsel.

Magistrate Judge Smith issued a Report and Recommendation ("R&R") addressing the arguments raised in Phillips's original petition on September 21, 2004 mainly the Fourth

[1] Despite Petitioner's indication that he would abandon the Fourth Amendment claims in his amended habeas petition, he continued to argue the illegality of the search and seizure in all three of his objections. Consequently, the Fourth Amendment issue, as addressed in Magistrate Judge Smith's First Report and Recommendation is incorporated into this Court's order.

Amendment issue and the ineffective assistance of trial counsel and recommending denial of the habeas petition in its entirety. *See* Report and Recommendation dated September 21, 2004 ("First R&R"). Petitioner filed an Objection to the First R&R on July 8, 2005, including a request to amend his petition to include a new claim for ineffective assistance of appellate counsel. *See* Objection to Report and Recommendation dated July 5, 2005 ("First Objection"). This Court granted Petitioner's request to amend his petition to include the new claim for ineffective assistance of appellate counsel and referred the case back to Magistrate Judge Smith for an amended R&R addressing the new claim. *See* Decision and Order dated September 12, 2005. Magistrate Judge Smith then issued a second R&R addressing the ineffective assistance of appellate counsel issue, again recommending denial of the habeas petition in its entirety. *See* Second Report and Recommendation dated July 19, 2007 ("Second R&R"). Petitioner filed an Objection to the Second R&R on September 14, 2007. *See* Objection to Second Report and Recommendation dated September 6, 2007 ("Second Objection"). Finally, Magistrate Judge Smith issued a third R&R addressing Petitioner's allegation that the court applied the wrong standard in assessing his ineffective assistance of counsel claims, and recommending denial of the habeas petition in its entirety. *See* Third Report and Recommendation dated May 30, 2008 ("Third R&R"). Petitioner filed an Objection to the Third R&R on October 9, 2008. *See* Objection to Second Report and Recommendation dated September 23, 2008 ("Third Objection"). All three R&Rs and corresponding objections are now before this Court.

For the reasons set forth below, Magistrate Judge Smith's First, Second and Third R&Rs are adopted in full and Petitioner's habeas petition is denied in its entirety.

## I. STANDARD OF REVIEW

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1). To accept an R&R to which no timely, actionable objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006); *see also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). Objections to an R&R "are to be specific and are to address only those portions of the proposed findings to which the party objects." *Martinez v. Senkowski*, No. 02-CV-0009, 2008 WL 4501842, at *2 (S.D.N.Y. Sept. 29, 2008) (citing *Camardo v. General Motors Hourly-Rate Employees Pension Plan,* 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992)). When specific objections are made, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, when a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the R&R only for clear error. *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003); *see also Pinkney v. Progressive Home Health Servis.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) ("even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.").

## II. DISCUSSION

### A. Petitioner's Objections Are Repetitive Of His Original Arguments

The nature of Phillips's purported objections does not warrant *de novo* review by this Court of Judge Smith's First, Second or Third R&Rs because all of his objections are repetitive of his original arguments.

Despite Petitioner's stated intent to abandon the Fourth Amendment claim, he continued to argue that the search and seizure was unlawful and that the evidence should not have been introduced against him at trial in all three of his objections. The Court acknowledges Phillips's distinction between a common Fourth Amendment claim and an ineffective assistance of counsel claim based on the failure to properly present a Fourth Amendment claim; however, to the extent that Petitioner does object to Magistrate Judge Smith's recommendations about the Fourth Amendment issue, this Court finds those objections repetitive of his original arguments and are not subject to *de novo* review.

All three of Phillips's objections raise the issue that he was denied effective assistance of counsel "because trial counsel failed to competently litigate his fourth amendment issue," including trial counsel's alleged failure to investigate the officer's ability to see inside the paper bag from his vantage point outside of the car, his alleged failure to cross-examine the arresting officer about this issue, his alleged failure to raise this issue at the suppression hearing and his alleged failure to preserve this issue for appeal. *See* First Objection, 1-10; Second Objection, 7, 12, 14, 17, 24-25; Third Objection, 3-19. In each instance, these objections are repetitive of Petitioner's original arguments, which were properly addressed in Magistrate Judge Smith's First R&R. *See* First R&R, 12, 15-18.

In both Petitioner's second and third objections to Magistrate Judge Smith's Second R&R he argues that he was deprived of the effective assistance of appellate counsel because appellate counsel allegedly failed to argue that trial counsel failed to competently litigate his fourth amendment issue as discussed above. *See* Second Objection, 32; Third Objection, 19-21. These objections are also repetitive of Petitioner's original argument, which was adequately addressed in Magistrate Judge Smith's Second R&R. *See* Second R&R, 7.

Furthermore, Petitioner claims that counsel argued and the court applied the wrong standard for his ineffective assistance of counsel claims when it applied the "unreasonable application" standard rather than the "contrary to" standard. *See* Second Objection, 27-28. Petitioner then attempts to apply the "unreasonable application" standard as part of his Third Objection. *See* Third Objection, 5. Both arguments were addressed in Magistrate Judge Smith's R&Rs. *See* First R&R, 15-18; Second R&R, 4-5. Petitioner's objection is repetitive of his original argument that applied the "unreasonable application" standard and is therefore not subject to *de novo* review by this Court.

What Phillips fails to do is raise any novel objections to any legal rule, analysis, or characterization of material facts that has not already been addressed in the either the First, Second or Third R&Rs. Consequently, this Court need only review the First, Second and Third R&Rs for clear error.

**B. The Report And Recommendations Are Not Clearly Erroneous**

Magistrate Judge Smith's First R&R addressed two of Petitioner's claims: (1) that the trial court's denial of Petitioner's Motion to Suppress physical evidence was erroneous, and (2) that Petitioner received ineffective assistance of trial counsel.

As to the first claim, Magistrate Judge Smith reasoned that the court was precluded from reviewing Petitioner's Motion to Suppress under the doctrine set forth in *Stone v. Powell*, 428 U.S. 465 (1976). First R&R, 11.

> [T]he doctrine set forth in Stone v. Powell, 428 U.S. 465 (1976), precludes this Court from reviewing Petitioner's Fourth Amendment claim. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Powell, 428 U.S. at 494. . . . Here, Phillips does not contend that New York failed to provide a corrective procedure to redress his alleged fourth amendment claim. In fact, Petitioner fully employed New York State procedure for addressing the alleged constitutional violation.

First R&R, 11-12. Magistrate Judge Smith concluded that "Petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claim in the state courts, thus barring federal review of [that] claim." First R&R, 13.

In the First R&R Magistrate Judge Smith also found that the Fourth Amendment claim was procedurally barred, reasoning that:

> Ordinarily a federal habeas court may not review a state prisoner's federal claim if that claim was defaulted in state court pursuant to an independent and adequate state procedural rule, "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."

First R&R, 13 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Magistrate Judge Smith concluded that "Petitioner has failed to demonstrate cause and prejudice, [and] cannot overcome his procedural default" thus barring the Fourth Amendment claim from federal habeas review. First R&R, 15.

As to the second claim, for the ineffective assistance of trial counsel, Magistrate Judge Smith reasoned that:

> To the extent that the state trial court decided the ineffective assistance claim on the merits, federal habeas relief may be granted only where the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable

> application of, clearly established federal law. . . ." 28 U.S.C. § 2254(d). I have reviewed the record and find that because Petitioner has failed to demonstrate that any aspect of counsel's performance was deficient, the state court's decision was reasonable. . . .

First R&R, 15-16. Specifically, Magistrate Judge Smith found that "Petitioner has failed to demonstrate that counsel's failure to call [. . .] witnesses affected the outcome of the suppression hearing," (First R&R, 17), that Petitioner has not offered any factual assertions to support this claim, (First R&R, 17), and concluded that even if trial counsel had raised the racial profiling issue, it was irrelevant to the outcome of the case because "subjective reasons for effecting the stop are irrelevant for the purposes of [Petitioner's] claim of an illegal search and seizure," (First R&R, 18). Finally, Magistrate Judge Smith found that Petitioner "failed to offer any evidence that but for counsel's representation, the result of the proceedings would have been different." First R&R, 18.

In the Second R&R, Magistrate Judge Smith addressed Petitioner's ineffective assistance of appellate counsel argument and concluded that "Petitioner has failed to demonstrate that but for his appellate counsel's alleged ineffective performance, he would have prevailed on his appeal." Second R&R, 6-7. Magistrate Judge Smith reasoned that:

> Petitioner was not denied appellate counsel on direct appeal, does not allege state interference with appellate counsel, and does not contend that appellate counsel was burdened by a conflict of interest. Therefore, there is no basis for an automatic presumption of prejudice in this case.

Second R&R, 7. Petitioner's main argument was that his appellate counsel failed to argue on appeal that trial counsel's performance was ineffective because of his "alleged failure to address effectively and preserve for appeal whether the arresting office could view the contents of the

paper bag by the Petitioner's feet." Second R&R, 2. In considering this claim, Magistrate Judge Smith noted that:

> In order for a presumption of prejudice to arise based on an attorney's failure to test the prosecutor's case, the attorney's failure must be complete. Bell v. Cone, 535 U.S. 685, 697-98 (2002). I conclude, and respectfully recommend that Your Honor should conclude, that Petitioner cannot establish this showing in this case. Contrary to the Petitioner's assertions, the record reflects that appellate counsel raised the issue of ineffective assistance of trial counsel on direct appeal. . . . I conclude, and respectfully recommend that Your Honor should conclude, that appellate counsel presented such arguments, and that the Petitioner's claim of ineffective assistance of appellate counsel is without merit as he cannot demonstrate prejudice from the otherwise adequate appellate counsel he received.
>
> As a natural extension of this recommended ruling, I also respectfully recommend that Your Honor should conclude that the Petitioner has presented no argument in support of the required finding that but for appellate counsel's alleged errors his appeal would have resulted in a reversal of his conviction. . . . It is clear from a review of the appellate material submitted that appellate counsel fully and robustly presented the issue of trial counsel's alleged deficiencies in his arguments on direct appeal to the Second Department. Accordingly, the Appellate Division, Second Department's conclusion that Petitioner's appellate counsel was constitutionally adequate was not contrary to or an unreasonable application of the Supreme Court's established Sixth Amendment ineffective assistance of counsel jurisprudence.

Second R&R, 7-9.

In the Third R&R, Magistrate Judge Smith addressed Petitioner's argument that the courts "incorrectly reviewed and denied his claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel." Third R&R, 1. Petitioner specifically argued that the Court "improperly reviewed his claims for relief under the 'unreasonable application' of clearly established federal law standard contained within 28 U.S.C. §2254(d)(1) rather than under the 'contrary to' clearly established federal law standard contained within that same statutory provision." Third R&R, 1.

As Magistrate Judge Smith stated, there are two standards in the statute: "[t]hese two standards provide separate potential avenues of relief and do not necessarily utilize the same analysis." Third R&R, 2. Petitioner argued that the courts improperly considered his ineffective

assistance of counsel and ineffective assistance of appellate counsel claims under the "unreasonable application" standard rather than the "contrary to" standard. Third R&R, 3. Magistrate Judge Smith explained that:

> As a general matter, the "contrary to" test is used when a petitioner argues that Supreme Court authority exists that addresses a situation sufficiently similar to his or her case in all material respects and dictates a result that is contrary to the result reached by the state court in his or her case. Absent assertions by a petitioner that there exists controlling Supreme Court authority directing a contrary result, a petitioner's claim will usually be assessed under the "unreasonable application" standard.

Third R&R, 3-4 (citations omitted). Finally, Magistrate Judge Smith concluded that "Petitioner has failed to identify controlling Supreme Court authority that requires a result other than the one recommended by the undersigned on two previous occasions." Third R&R, 5.

## III. CONCLUSION

This Court has reviewed Magistrate Judge Smith's thorough and persuasive First, Second and Third R&Rs and finds this reasoning persuasive and devoid of any clear error. Accordingly, the Court adopts the analysis and conclusions from the First, Second and Third R&Rs and denies Phillips's petition for writ of habeas corpus.

The Clerk of the Court is directed to close this case, terming any outstanding motions.

*It is so ordered.*

Dated: White Plains, New York
June 23, 2009

Stephen C. Robinson, U.S.D.J.